**Zhou Hui NI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS Respondent.**

No. 04–1133–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 4, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, Anne M. Hayes, David J. Cortes, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED IN PART and DISMISSED IN PART, the BIA's order is VACATAED, and the case is REMANDED to the BIA for proceedings consistent with this order.

Petitioner Zhou Hui Ni ("Ni"), a native and citizen of China, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to consider the IJ's denial of Ni's asylum application, based on the one-year filing deadline. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Because the IJ's imposition of that deadline was determinative in this case, we have no reason to disturb the IJ's denial of asylum. Further, by failing to brief the timeliness of his application before this Court, Ni has waived that claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Turning to the withholding of deportation and CAT claims, this Court reviews an agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the BIA's decision contains notable errors, leaving this Court uncertain as to whether the BIA would have reached the same conclusion had it not erred. *See Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 394–95 (2d Cir.2005) (holding that remand is appropriate when "the erroneous aspects of the [BIA's] reasoning are not tangential to [its findings] . . . and that the evidence supporting [those] findings is not so overwhelming" as to make remand futile). The BIA stated that Ni's brief "erroneously" alleged that Ni had resided in "Guantao," an assertion that, according to the BIA, ran contrary to the record, which indicated that Ni came from the Fujian province of

China. The BIA's reliance on this purported discrepancy is entirely misplaced given that Guantao appears to be a town located within the Fujian province. The record repeatedly refers to Ni's residence as "Guant[ao] Town, Lianjiang County, Fujian Province." Any reference by the BIA to where Ni and his family had resided and the accompanying possibilities of avoiding detection by family planning officials depending on the rural or urban character of the area is thereby negated by the BIA's apparent confusion. Moreover, the BIA cannot discredit a petitioner's testimony based solely on contradictory country reports. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004). Pursuant to *Chen*, the BIA is required to consider the individualized testimony of the petitioner, which the BIA failed to do in this case. *See id.*

For these reasons, the petition for review is GRANTED IN PART and DISMISSED IN PART, the BIA's order is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).